# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

LEONARD BECKER, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

  v.

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A, and J.P. MORGAN TRUST COMPANY, NATIONAL ASSOCIATION,

    Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

C. A. No.  2:11-cv-06460 (JRS)
(consolidated with C. A. No.  2:12-cv-06412 (JRS))

## FILED

### JUN 2 0 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated action is pending before this Court styled *Leonard Becker v. The Bank of New York Mellon Trust Company, N.A., and J.P. Morgan Trust Company, National Association*, C.A. No. 2:11-cv-06460 (JRS), consolidated with C.A. No. 2:12-cv-06412 (the "Action");

WHEREAS, Plaintiff Leonard Becker, on behalf of himself and all others similarly situated, and Defendants The Bank of New York Mellon Trust Company, N.A., and J.P. Morgan Trust Company, N.A., have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 8, 2018, ("Stipulation") subject to the approval of this Court (the "Settlement");

WHEREAS, Plaintiff has made an application pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered (a) Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (b) the Stipulation and exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as set forth below.

2.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on September 20, 2018 at 9:00 a.m. in Courtroom 11-A of the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the formed attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice; (d) to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of the Litigation Expenses should be approved; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to the Class Members as set forth in paragraph 4 of this Order.

2

3.      The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4.      **Retention of Claims Administrator and Manner of Giving Notice** – Class Counsel are hereby authorized to retain Heffler Claims Group, as Claims Administrator, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement hearing shall be given by Class Counsel as follows:

a.      not later than fourteen (14) calendar days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to Class Members at the addresses to which the notice of pendency was mailed, and to those who otherwise may be identified through further reasonable effort;

b.      contemporaneously with the mailing of the Notice and Claim Form, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on its website, from which copies of the Notice and Claim Form can be downloaded;

c.      not later than five (5) business days after the Notice Date, Class Counsel shall (i) cause the Notice to be posted on its website, www.barrack.com, and (ii) cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once on https://globenewswire.com; and

3

d.      not later than seven (7) calendar days before the Settlement Hearing,
Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or
declaration, of such mailing and publication.

5.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form
and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1,
2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim
Form and the publication of the Summary Notice in the manner and form set forth in paragraph 4
of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that
is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the
proposed Settlement (including the Releases to be provided thereunder), of Counsel's motion for
an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to
the Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of
Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due,
adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed
Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil
Procedure, the U.S. Constitution (including the Due Process Clause), and all other applicable
laws and rules.  The date and time of the Settlement Hearing shall be included in the Notice and
Summary Notice before they are mailed and published, respectively.

6.      **Participation in the Settlement**– Class Members who wish to participate in the
Settlement and to be eligible to receive a distribution from the Net Settlement Fund must
complete and submit a Claim Form in accordance with the instructions contained therein.  Unless
the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred
twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Class Counsel

may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Funds to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

7.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation, in the form of broker account statements or other such documentation as is deemed appropriate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under the penalty of perjury.

8.      Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgment in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released

Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 6 above.

9.      The Notice of Pendency mailed to potential Class Members on September 28, 2017 and posted October 5, 2017, gave Class Members the opportunity to exclude themselves from the Class. The Stipulation does not include a provision allowing Class Members a second opportunity to request exclusion for those Class Members who had not previously made a request to exclude themselves from the Class. The Court has considered Rule 23(e)(4) and finds that, under the circumstances, it will not require the Stipulation to afford Class Members a new opportunity to request exclusion from the Class.

10.     **Appearance and Objection at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Defendants' Counsel, at the addresses set forth in paragraph 11 below, such that it is received no later than forty-five (45) calendar days after the Notice Date, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel.

11.     Any Class Member may file a written objection to the proposed Settlement or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however,* that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the motion for attorneys'

6

fees and reimbursement of Litigation Expenses unless that person or entity has filed a written

objection with the Court and served Copies of such objection on Class Counsel and Defendants'

Counsel at the addresses set forth below such that they are received no later than forty-five (45)

calendar days after the Notice Date.

| | |
|---|---|
| Daniel E. Bacine | Marc J. Sonnenfeld |
| Lisa M. Port | John C. Goodchild, III |
| Jeffrey B. Gittleman | Morgan, Lewis & Bockius LLP |
| Barrack, Rodos & Bacine | 1701 Market Street |
| 3300 Two Commerce Square | Philadelphia, PA 19103 |
| 2001 Market Street | Telephone: (215) 963-5000 |
| Philadelphia, PA 19103 | Facsimile: (215) 963-5001 |
| Telephone: (215) 963-0600 | |
| Facsimile: (215) 963-0838 | |

12.     Any objections, filings and other submissions by the objecting Class Member: (a)

must state the name, address, and telephone number of the person or entity filing the objection

and must be signed by the objector; (b) must contain a statement of the Class Member's

objection or objections, and the specific reasons for each objection, including any legal and

evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must

include documents sufficient to prove membership in the Class.  Objectors who enter an

appearance and desire to present evidence at the Settlement Hearing in support of their objection

must include in their written objection or notice of appearance the identity of any witness they

may call to testify and any exhibits they intend to introduce into evidence at the hearing.

13.     Any Class Member who or which does not make his, her or its objection in the

manner provided herein shall be deemed to have waived his, her or its right to object to any

aspect of the proposed Settlement and Class Counsel's motion for an award of attorneys' fees

and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from

objecting to the fairness, reasonableness or adequacy of the Settlement, the requested attorneys'

7

fees and Litigation Expenses, or from otherwise being heard concerning the Settlement or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

14.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiff, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

15.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

16.    **Settlement Fund** – The contents of the Settlement Fund, held by Wells Fargo Bank N.A. (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.    **Taxes** – Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

18.    **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto, the negotiations leading to the execution of the

8

Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or

approval of the Settlement (including any arguments proffered in connection therewith): (a) shall

be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to

be evidence of any presumption, concession, or admission by any of the Defendants' Releasees

with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or

could have been asserted or the deficiency of any defense that has been or could have been

asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other

wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any

other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative

action or proceeding, other than such proceedings as may be necessary to effectuate the

provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as

evidence of, or construed as, or deemed to be evidence of any presumption, concession or

admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any

of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the

Complaint would not have exceeded the Settlement Amount or with respect to any liability,

negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as

against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or

proceeding, other than such proceedings as may be necessary to effectuate the provisions of the

Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or

presumption that the consideration to be given under the Settlement represents the amount which

could be or would have been recovered after trial; *provided, however,* that if the Stipulation is

approved by the Court, the parties and the Releasees and their respective counsel may refer to it

9

to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

19.    **Supporting Papers** – Class Counsel shall file and serve the opening papers in support of final approval of the proposed Settlement and Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty (30) calendar days after the Notice Date; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

20.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED** this 20th day of June, 2018.

The Honorable Juan R. Sánchez
United States District Judge

10

# EXHIBIT 1

### THIS IS AN IMPORTANT LEGAL NOTICE

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD BECKER, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. and J.P. MORGAN TRUST COMPANY, NATIONAL ASSOCIATION,<br><br>Defendants. | CIVIL ACTION NO. 11-cv-6460<br>(consolidated with No. 12-6412) |

### NOTICE OF (I) PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE BONDS IDENTIFIED AS THE BOROUGH OF LANGHORNE MANOR HIGHER EDUCATION AND HEALTH AUTHORITY HOSPITAL REVENUE BONDS, SERIES OF 1992 (THE LOWER BUCKS HOSPITAL), AND WHO ARE HOLDERS OF AN ALLOWED CLASS A3 CLAIM PURSUANT TO SECTION 5.1.3(A)(ii) OF THE PLAN OF REORGANIZATION OF LOWER BUCKS HOSPITAL, WHICH PLAN WAS CONFIRMED UNDER CHAPTER 11 OF THE BANKRUPTCY CODE. EXCLUDED FROM THE CLASS ARE DEFENDANTS AND ANY PERSON, FIRM, TRUST, CORPORATION, OR OTHER ENTITY AFFILIATED WITH ANY DEFENDANT AND ANY OFFICERS, AND DIRECTORS THEREOF.**

**THE RECORD DATE FOR HOLDERS OF AN ALLOWED CLASS A3 CLAIM IS DECEMBER 7, 2011.**

### PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY THIS LITIGATION.

**NOTICE OF SETTLEMENT:** Please be advised that your rights may be affected by the settlement in the above-captioned class action (the "Action") pending in the United States District Court for the Eastern District of Pennsylvania (the "Court"), if you are a member of the Class (as defined in ¶23 below). Specifically, the class representative, Leonard Becker ("Plaintiff"), on behalf of himself and the Class, has reached a proposed settlement of the Action with The Bank of New York Mellon Trust Company, N.A. ("BNY Mellon") and J.P. Morgan Trust Company National Association ("J.P. Morgan") (together, the "Defendants") for $13,500,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").[1]

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated June 8, 2018 (the "Stipulation").

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Defendants or their counsel. All questions should be directed to Class Counsel or the Claims Administrator (*see* ¶66 below).**

1.  **Description of the Action and the Class:** This Notice relates to a proposed Settlement of claims in the pending Action brought by Plaintiff against Defendants alleging, among other things, that Defendants, as indenture trustees, breached certain duties they owed to Lower Bucks Hospital bondholders by failing to ensure that the bondholders' security interest in the unrestricted gross revenues of Lower Bucks Hospital was valid, or perfected. Plaintiff alleges that Defendants' conduct caused him and the other bondholders to receive less money than they otherwise would have received as secured creditors in Lower Bucks Hospital's bankruptcy proceeding. A more detailed description of the Action is set forth in paragraphs 9- 22 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in paragraph 23 below.

2.  **Statement of Class's Recovery:** Subject to Court approval, Plaintiff, on behalf of himself and the Class, has agreed to settle the Action in exchange for a settlement payment of $13,500,000.00 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed on a pro rata basis based on the face value of each Class Member's proportional holdings of the Bonds in relation to the total face value of the Bonds held by Authorized Claimants.

3.  **Attorneys' Fees and Expenses Sought:** Court-appointed Class Counsel, Barrack, Rodos & Bacine, has been prosecuting the Action on a wholly contingent basis since its inception, has not received any payment of attorneys' fees for its representation of the Class, and has advanced the funds to pay expenses necessarily incurred to prosecute this Action and the proceedings in the Bankruptcy Court relating to the Plaintiff's objection to the third party release that was stricken from Lower Bucks Hospital's plan of reorganization. Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed $2,150,000.00. In addition, Class Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $325,000.00. In addition, there will be costs in connection with sending this Notice to the Class and administration of the Settlement. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

4.  **Identification of Attorneys' Representatives:** Plaintiff and the Class are represented by Daniel E. Bacine, Esq., Jeffrey B. Gittleman, Esq., and Lisa M. Port, Esq., of Barrack, Rodos & Bacine, 3300 Two Commerce Square, 2001 Market Street, Philadelphia, PA 19103, (215) 963-0600, dbacine@barrack.com, jgittleman@barrack.com, lport@barrack.com.

5.  **Reasons for the Settlement:** Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might have been achieved as a result of the jury trial of the Action, and/or the likely appeals that would have followed the trial. This process could have lasted several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2018.** | This is the only way to be eligible to receive a payment from the Settlement Fund. Whether or not you submit a Claim Form, you will be bound by the Settlement if approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶34 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶35 below), so it is in your interest to submit a Claim Form. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you do not like the proposed Settlement or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement or the fee and expense request unless you are a Class Member. |
| **GO TO A HEARING ON _____, 2018 AT _:_ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | Filing a written objection and notice of intention to appear by _____, 2018 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a Class Member, you will not be eligible to receive any payment from the Settlement Fund if you do not submit a valid Claim Form.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?.................................................................................................................Page 3
What Is This Case About?  ..................................................................................................................Page 4
How Do I Know If I Am Affected By The Settlement? Who Is Included In The Class?.......................Page 5
What Are Plaintiff's Reasons For The Settlement?..............................................................................Page 6
What Might Happen If There Were No Settlement? ............................................................................Page 6
How Are Class Members Affected By The Action And The Settlement?  ...........................................Page 7
How Do I Participate In The Settlement?  What Do I Need To Do?.. ..................................................Page 8
How Much Will My Payment Be? .......................................................................................................Page 9
What Payment Are The Attorneys For The Class Seeking?
How Will The Lawyers Be Paid?.......................................................................................................Page 10
When And Where Will The Court Decide Whether To Approve The Settlement?
Do I Have To Come To The Hearing?
May I Speak At The Hearing If I Don't Like The Settlement? ...........................................................Page 10
What If I Bought Bonds On Behalf Of Someone Else? .....................................................................Page 11
Can I See The Court File?
Whom Should I Contact If I Have Questions? ..................................................................................Page 12

## WHY DID I GET THIS NOTICE?

6.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Lower Bucks Hospital Bonds and may be a member of the Class, as defined in paragraph 23 below.  The Court has directed us to send you this Notice because, as a Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, the claims administrator selected by Plaintiff and Class Counsel and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

7.    The purpose of this Notice is to inform you of the terms of the proposed Settlement and how you might be affected, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 57 below for details about the Settlement Hearing, including the date and location of the hearing.

8.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

9.    This Notice relates to a proposed Settlement of claims in a pending class action brought by Plaintiff, individually and on behalf of other holders of Lower Bucks Hospital ("LBH") Bonds, against Defendants BNY Mellon and J.P. Morgan as successive Indenture Trustees under multi-party agreements that created the bond financing transaction at issue.

10.   LBH filed for protection under Chapter 11 of the Bankruptcy Code on January 13, 2010, and then challenged the bondholders' security interest in the collateral that LBH pledged to secure the bond debt, contending that the security interest in the collateral had become unperfected.

11.   BNY Mellon filed a proof of claim in which it claimed the amount due under the bonds was $25,906,294.98 (plus amounts that continued to accrue post-petition, including interest, less compensation, fees, costs, and expenses under the indenture, the loan agreement, and all related documents), which it asserted as a secured claim in the amount of the value of the collateral.  The proof of claim listed that value as "no less than" $15.3 million   BNY Mellon contends that the amount listed was based on the statements of LBH regarding its available cash and the book value of its accounts receivable.  In an adversary proceeding in LBH's bankruptcy, LBH and BNY Mellon resolved their dispute by entering into a settlement agreement.

12   The bankruptcy settlement agreement allowed BNY Mellon's claim as a secured claim in the amount of $8,150,000, plus the amounts remaining in the reserve and debt service funds that BNY Mellon maintained on behalf of the bondholders, which totaled $2,202,047 as of January 13, 2010, the date LBH filed for bankruptcy.  The settlement agreement also included a provision that would have released BNY Mellon from liability to the bondholders arising out of the perfection of security interest issue.

13.   Plaintiff filed an objection to the confirmation of LBH's Plan of Reorganization (the "Plan") based only on the inclusion of that release language.  The Bankruptcy Court struck the release language from the Plan ruling that the notice to bondholders about the settlement of the dispute with LBH did not adequately disclose the inclusion of the release, and the Court could therefore not approve the release.  BNY Mellon appealed the Bankruptcy Court's decision to the United States District Court for the Eastern District of Pennsylvania, which affirmed the Bankruptcy Court's decision.  BNY Mellon again appealed, to the Court of Appeals for the Third Circuit, which affirmed the District Court's decision

14.   On January 19, 2012, the Plan became effective.  On January 24, 2012, BNY Mellon received a cash distribution of the funds allowed under the Plan (and subject to the provisions of the Plan) in the amount of $8,150,000.  BNY Mellon also had been holding the reserve and debt service funds.  BNY Mellon has made no distributions to bondholders since that date, contending that it had a right to be indemnified for expenses it incurred in connection with the bankruptcy proceeding and in connection with this class action.

15.   Plaintiff's first suit ("*Becker I*") alleges that Defendants breached their fiduciary and contractual duties to the bondholders by failing to maintain a perfected security interest in the collateral securing the bonds.  The complaint alleges that the bondholders were awarded less in LBH's bankruptcy than the value of the collateral securing the bondholders' debt, which they would have been entitled to receive if the security interest had been perfected.

16   Plaintiff's second suit ("*Becker II*") seeks a declaratory judgment that the bondholders are entitled to prompt disbursal of the funds allowed under the Plan, and that Defendant BNY Mellon is not entitled to deduct from those funds any amounts that it incurred as a defendant in the bankruptcy proceedings or in this litigation.  *Becker II* seeks equitable remedies including: an injunction compelling BNY Mellon to distribute funds to the bondholders and damages for conversion and for money had and received.  (*Becker I* and *Becker II* have been consolidated.)

4

17. Discovery in the consolidated actions was completed on October 10, 2014. The parties thereafter filed cross-motions for summary judgment  By order dated March 23, 2016, the Court granted in part and denied in part those motions.

18. By order dated September 30, 2016, the Court denied Defendants' motion for reconsideration of the Court's summary judgment ruling.

19. On October 5, 2016, the Court granted Plaintiff's motion for class certification, certifying the class defined below. Defendants thereafter sought permission to appeal the class certification order under Rule 23(f) of the Federal Rules of Civil Procedure.  The Court of Appeals for the Third Circuit denied Defendants' petition asking for permission to appeal the class certification decision.

20. In September 2017, the Notice of Pendency was sent to potential Class members advising them of the pendency of the Action and of their rights with respect thereto, including their right to exclude themselves from the Class by submitting a written request for exclusion by November 14, 2017.  Specifically, the Notice of Pendency apprised potential Class members of the background of the litigation and Plaintiff's claims, notified potential Class members of the Court's class certification decision and the certified class, provided potential Class members with the status of the Action at that time, and set forth instructions for potential Class members to contact Class Counsel to resolve any questions about the Notice of Pendency or the Action. No Class Members excluded themselves from the Class.

21  On October 27, 2017, the Court entered an Order that provided for, among other things, the filing of pretrial motions by March 5, 2018, and a final pretrial conference to be held on April 6, 2018.  The Order also assigned the Action to the April 16, 2018 trial pool. Defendants filed eight pretrial motions, including motions to exclude certain evidence or testimony from trial (including the testimony from Plaintiff's three expert witnesses) and dispositive motions seeking to have certain of Plaintiff's claims dismissed  In argument held on April 6, 2018, the Court largely denied Defendants' motions, but reserved decision for the end of trial on certain of Defendants' arguments for dismissal of Plaintiff's claims. Defendants filed additional motions on April 18, 2018, one of which the Court denied that same day. Defendants also filed a motion for reconsideration of the Court's denial of one of their pretrial motions seeking to exclude certain evidence from trial, which the Court also denied.

22. A trial of the Action began on April 16, 2018. The trial in this matter was to resolve, on behalf of the entire Class, issues, claims, and defenses over whether Defendants breached any fiduciary or contractual duty owed to bondholders as a result of the alleged imperfection of the bonds' security interest in a manner that caused the bondholders to incur loss or damage, and the extent and measure of any loss or damage. The trial was also to resolve on behalf of the entire Class whether Defendants were permitted to withhold amounts from the settlement funds that would otherwise have been paid to the bondholders and, if so, the amount to be withheld. The trial included extensive evidence and testimony on behalf of both Plaintiff and the Defendants related to the claims and defenses in the Action, and just before Defendants called their last witness, the parties reached the proposed Settlement. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in paragraph 23 below.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

23. If you are a member of the Class and did not previously submit a timely request to be excluded, you are subject to the Settlement. The Class consists of.

> All persons or entities who purchased or otherwise acquired the bonds identified as the Borough of Langhorne Manor Higher Education and Health Authority Hospital Revenue Bonds, Series of 1992 (The Lower Bucks Hospital), and who are holders of an allowed Class A3 claim pursuant to Section 5.1.3(A)(ii) of the Plan of Reorganization of Lower Bucks Hospital, which plan was confirmed under Chapter 11 of the Bankruptcy Code  Excluded from the Class are Defendants and any person, firm, trust, corporation, or other entity affiliated with any Defendant and any officers and directors thereof.

In accordance with ¶¶ 1.30, 1.45 and 10.11 of the Plan of Reorganization of Lower Bucks Hospital, and the Confirmation Order (10-cv-10239, ECF 1538), the record date for holders of an allowed Class A3 is December 7, 2011.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2018.**

## WHAT ARE PLAINTIFF'S REASONS FOR THE SETTLEMENT?

24.  Plaintiff and Class Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they faced in establishing liability and damages. Defendants argued that they had no duty to ensure the perfection of the security interest in the collateral because the indenture imposes that obligation on the hospital and the municipal authority that issued the bonds for the hospital, not on the Defendants as indenture trustees. Defendants also argued that the bondholders' recovery under the Plan was not reduced as a result of the lien issue, because the bondholders received all of the funds available in the bankruptcy for the secured creditors of the hospital. Defendants contended that Bondholders lost money because of the poor financial condition of the hospital, not because of anything that Defendants did or did not do.  Defendants further argued that, under the bond documents, they are entitled to indemnification, including for defense costs from the bankruptcy recovery.

25.  Defendants presented evidence in support of all of these arguments at trial, including testimony from expert witnesses that supported Defendants' positions.  Indeed, at trial, even if Plaintiff overcame hurdles to establishing liability, Defendants presented expert and other evidence contesting the amount of damages that Plaintiff and the Class could recover.  There is a substantial risk that, had the case gone to the jury, the verdict could have been in favor of Defendants or that, even if the verdict was in favor of Plaintiff, the jury may have awarded damages in an amount far below that achieved by the Settlement.

26.  When the settlement was reached, the Court had not yet ruled on certain dispositive pretrial motions made by Defendants that could have led to dismissal of certain of Plaintiff's claims or substantially reduced any damages that may have been awarded to Plaintiff and the Class.

27.  Even if Plaintiff would have prevailed at trial, Defendants would have likely initiated an appeal to contest a verdict and the damages assessed against them.  That appeal likely would have focused not only on the trial, but on the Court's pretrial orders in the case, including the Court's class certification order and its orders on summary judgment.  Litigation of any appeal likely would have been a lengthy and expensive proposition, with the distinct possibility that any recovery by Plaintiff and the Class could have been substantially reduced or eliminated altogether.

28.  As such, there were significant risks attendant to the continued prosecution of the Action.  In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Plaintiff and Class Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Plaintiff and Class Counsel believe that the Settlement provides a substantial benefit to the Class, namely $13,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after trial and appeals, possibly years in the future.

29.  Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30.  If there were no Settlement and the jury were to have found that Plaintiff failed to establish any essential legal or factual element of his claims against Defendants, Plaintiff and the other members of the Class would likely have only recovered the amount of the secured claim negotiated by BNY Mellon in settlement of the adversary proceeding in the bankruptcy court, *less* BNY Mellon's expenses incurred in the bankruptcy proceeding.  However, if Defendants

had initiated an appeal of this Court's rulings, and particularly this Court's ruling on the parties' summary judgment motion, and were successful on appeal, there is a possibility that the Class would have recovered substantially less than that amount, including the possibility that they would receive nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

31.  As a Class Member, you are represented by Plaintiff and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 10 below.

32.  If you are a Class Member and you wish to object to the Settlement, or Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 10 below.

33.  If you are a Class Member, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, attorneys, agents, partners, predecessors, successors, beneficiaries, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim (as defined in ¶34 below) against the Defendants and the other Defendants' Releasees (as defined in ¶35 below), and shall forever be barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees

34.  "Released Plaintiff's Claims" means any and all actions, suits, claims, debts, demands, rights, causes of action, proofs of claim, or liabilities of every nature and description whatsoever (including, but not limited to, those for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based in law or equity, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or not matured, under federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign, domestic or international, including both known claims and Unknown Claims, whether or not concealed or hidden, that have been or could have been or could in the future be asserted in any forum, whether foreign or domestic, by the Plaintiff, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys, agents, affiliates, and partners, and any persons they represent, whether brought directly or indirectly, that arise out of, are based on, or relate in any way, directly or indirectly, to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or that could have been alleged in the Action based upon the facts alleged therein, and/or that arise out of, are based upon, or relate in any way, directly or indirectly, to (i) the purchase, acquisition, transfer, holding, ownership, disposition, or sale of any Bonds by any Class Member, or (ii) any facts, matters, allegations, transactions, events, disclosures, conduct, statements, representations, acts, failures to act, or omissions relating to the Bonds, the bankruptcy proceedings of Lower Bucks Hospital, any adversary proceeding in those bankruptcy proceedings, or the bond proceeds.  Released Plaintiff's Claims do not include any claims relating to the enforcement of the Settlement.  Released Plaintiff's Claims include "Unknown Claims" as defined in ¶36 hereof.

35.  "Defendants' Releasees" means each and both of the Defendants, their Related Parties (as defined in ¶40 below), and any entity in which any Defendant has or had a controlling interest (directly or indirectly).

36.  "Unknown Claims" means any Released Plaintiff's Claims that the Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542, or by any law

7

of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides.

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Plaintiff, Defendants, and Class Members acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims or the Released Defendants' Claims, but the Plaintiff, Defendants, and Class Members shall expressly settle and release, and shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims and Released Defendants' Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which the Releases are a part

37.  The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, attorneys, agents, partners, predecessors, successors, beneficiaries, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶38 below) against Plaintiff and the other Plaintiffs' Releasees (as defined in ¶39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

38.  "Released Defendants' Claims" means any and all actions, suits, claims, debts, demands, rights, causes of action, proofs of claim, or liabilities of every nature and description whatsoever (including, but not limited to, those for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based in law or equity, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or not matured, under federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign, domestic or international, including both known claims and Unknown Claims, whether or not concealed or hidden, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement.

39.  "Plaintiff's Releasees" means the Plaintiff, his respective attorneys including Class Counsel, and all other Class Members, and each and all of their respective past, present and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, assignees, associates, attorneys, auditors, consultants, controlling shareholders, directors, divisions, domestic partners, employers, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, direct and indirect parent entities, subsidiaries (foreign or domestic), trustees, underwriters and retained professionals, in their respective capacities as such.

40.  "Related Parties" means each of a Defendant's respective former, present or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives and assigns of each of them, in their capacity as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

41.  To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2018**. A Claim Form is included with this Notice, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 855-711-8800  Please retain all records of your ownership of

Lower Bucks Hospital Bonds, as they may be needed to document your Claim.  If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

42.   At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

43.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid thirteen million five hundred thousand dollars ($13,500,000.00) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the expenses and costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including the expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed on a pro rata basis to Class Members who submit valid Claim Forms.

44.   The Settlement proceeds will be distributed equitably among Authorized Claimants based on the face value of their proportional holdings of the Bonds in relation to the total face value of the Bonds held by Authorized Claimants who have filed valid Proofs of Claim.

45.   A "Distribution Amount" will be calculated based on each Authorized Claimant's holdings of the Lower Bucks Hospital Bonds as listed on the Proof of Claim Form and for which adequate documentation is provided.

46.   The Distribution Amount for each Authorized Claimant will be calculated in the following way:

   a.   the face amount of the Authorized Claimant's Lower Bucks Hospital Bonds held on the record date (see paragraph 23 above) shall be divided by the total face amount of Lower Bucks Hospital Bonds of all Authorized Claimants; and

   b.   the Net Settlement Fund shall then be multiplied by each Authorized Claimant's pro rata percentage, resulting in each Authorized Claimant's Distribution Amount.

47.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

48.   Defendants and all other persons or entities that paid any portion of the Settlement Amount on their behalf are not entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or the disbursement of the Net Settlement Fund.

49.   Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2018 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Plaintiff's Claims (as defined in ¶34 above) against the Defendants' Releasees (as defined in ¶35 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

50.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

51.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

52.   Only Class Members as defined in paragraph 23 above will be eligible to share in the distribution of the Net Settlement Fund.  The only securities that are included in the Settlement are the Lower Bucks Hospital Bonds.

## ADDITIONAL PROVISIONS

53.  After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Class Counsel and approved by the Court.

54.  Payment pursuant to the Stipulation as may be approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiff, Class Counsel, Defendants, Defendants' Counsel, or any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation or further orders of the Court.  Plaintiff, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for: the investment or distribution of the Settlement Fund or the Net Settlement Fund; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

55.  Class Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Class Counsel been reimbursed for its out-of-pocket expenses.  Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed $2,150,000.00.  At the same time, Class Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $325,000.00.  In addition, there will be costs in connection with sending this Notice to the Class and administration of the Settlement.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

56.  **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

57.  The Settlement Hearing will be held on _____, 2018 at _:__ _.m., before the Honorable Juan R. Sánchez at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, Courtroom 11-A.  The Court reserves the right to approve the Settlement, Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

58.  Any Class Member may object to the Settlement or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of Pennsylvania at the address set forth below on or before _____, 2018.  You must also serve the papers on Class Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2018.

10

| Clerk's Office | Class Counsel | Defendants' Counsel |
|---|---|---|
| United States District Court<br>Eastern District of Pennsylvania<br>Clerk of the Court<br>James A. Byrne U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106 | **Barrack, Rodos & Bacine**<br>Daniel E. Bacine<br>Lisa M. Port<br>Jeffrey B. Gittleman<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103 | **Morgan, Lewis & Bockius LLP**<br>Marc J. Sonnenfeld<br>John C. Goodchild, III<br>1701 Market Street<br>Philadelphia, PA 19103 |

59. Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector, (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the amount of Lower Bucks Hospital Bonds that the objecting Class Member purchased/acquired and owned as of the record date. You may not object to the Settlement or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you previously excluded yourself from the Class pursuant to the Notice of Pendency or if you are not a member of the Class.

60. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

61. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____, 2018. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

62. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶66 above so that the notice is *received* **on or** _____, **2018**.

63. The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you plan to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

64. **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT BONDS ON BEHALF OF SOMEONE ELSE?

65. If you purchased or otherwise acquired or hold Lower Bucks Hospital Bonds for the beneficial interest of persons or organizations other than yourself, you must either (a) within fourteen (14) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within fourteen (14) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to Heffler Claims Group, LLC, 1515 Market Street, Suite 1700, Philadelphia, Pa, 19102. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper

11

documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained by calling the Claims Administrator toll-free at 855-711-8800.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

66. This Notice contains only a summary of the terms of the proposed Settlement For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S Courthouse, 601 Market Street, Philadelphia, PA 19106.

All inquiries concerning this Notice and the Claim Form should be directed to:

Heffler Claims Group, LLC     and/or     Daniel E. Bacine
1515 Market Street                             Jeffrey B. Gittleman
Suite 1700                                          Lisa M. Port
Philadelphia, PA 19102                        BARRACK, RODOS & BACINE
(855) 711-8800                                   3300 Two Commerce Square
                                                        2001 Market Street
                                                        Philadelphia, PA 19103
                                                        (215) 963-0600
                                                        dbacine@barrack.com
                                                        jgittleman@barrack.com
                                                        lport@barrack.com

## DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.

Dated: _____, 2018                                    By Order of the Court
                                                                          United States District Court
                                                                          Eastern District of Pennsylvania

12

# EXHIBIT 2

ι · ʾ ʋ

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

LEONARD BECKER, on behalf of himself     :     CIVIL ACTION NO. 11-cv-6460
and all those similarly situated,     :     (consolidated with No. 12-6412)

           Plaintiff,     :

           v.     :

THE BANK OF NEW YORK MELLON TRUST     :
COMPANY, N.A. and J.P. MORGAN TRUST     :
COMPANY, NATIONAL ASSOCIATION,     :

           Defendants.     :

### PROOF OF CLAIM

Please complete the Proof of Claim below if you purchased or otherwise acquired the bonds identified as the Borough of Langhorne Manor Higher Education and Health Authority Hospital Revenue Bonds, Series of 1992 (The Lower Bucks Hospital), and are a holder of an allowed Class A3 claim pursuant to Section 5.1.3(A)(ii) of the Plan of Reorganization of Lower Bucks Hospital, which plan was confirmed under Chapter 11 of the Bankruptcy Code. In accordance with ¶¶ 1.30, 1.45 and 10.11 of the Plan of Reorganization of Lower Bucks Hospital, and the Confirmation Order (10-cv-10239, ECF 1538), the record date for holders of an allowed Class A3 is December 7, 2011. Excluded persons and entities include defendants The Bank of New York Mellon Trust Company, N.A. ("BNY Mellon") and J.P. Morgan Trust Company National Association ("J.P. Morgan") (collectively referred to as "Defendants"), and any person, firm, trust, corporation, or other entity affiliated with any defendant and any officers and directors thereof.

This Proof of Claim must contain the name, address, and taxpayer identification number (TIN) of the beneficial owner(s). The TIN, consisting of a valid Social Security number (SSN) for individuals or employer identification number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim; this information is required.

You must also provide the face value of the bonds you held on December 7, 2011, the record date for holders of an allowed Class A3 claim pursuant to Section 5.1.3(A)(ii) of the Plan for Reorganization of Lower Bucks Hospital. You must sign the Proof of Claim in the space provided in order to make a valid claim. Please also provide your brokerage statement for December 7, 2011 or a letter from your bank, broker, or other nominee indicating the face value of bonds held as of December 7, 2011.

Proof of Claim forms **must be postmarked no later than** _____, **2018,** and mailed to:

1

Becker v. Bank of New York Mellon Litigation
c/o Heffler Claims Group, LLC
1515 Market Street
Suite 1700
Philadelphia, PA 19102
(855) 711-8800

1. Please sign the below release and certification. If this Proof of Claim is being submitted on behalf of multiple claimants, then all claimants must sign.

2. Remember to attach only copies of acceptable supporting documentation.

3. Please do not highlight any portion of the Proof of Claim or any supporting documents.

4. Do not send original bond certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Proof of Claim and documentation for your own records.

6. You will not receive confirmation of receipt of your Proof of Claim; if confirmation is desired, please send your Proof of Claim via Certified Mail, Return Receipt requested.

7. If your address changes in the future, or if this Proof of Claim was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator in writing and submit proper, supporting documentation for proof of the change.

8. If you have any questions or concerns regarding your Proof of Claim, please contact the Claims Administrator at the above address or call (855) 711-8800.

2

```
┌─────────────────────┐
│     MUST BE         │
│   POSTMARKED        │
│  NO LATER THAN      │
│ [          ], 2018  │
└─────────────────────┘
```

BECKER v. THE BANK OF NEW YORK
MELLON TRUST COMPANY, N.A., ET AL.

**PROOF OF CLAIM AND RELEASE**

## PART I—CLAIMANT INFORMATION

Last Name *(Claimant)*

First Name *(Claimant)*

Last Name *(Beneficial Owner If Different from Claimant)*

First Name *(Beneficial Owner)*

Last Name *(Co-Beneficial Owner)*

First Name *(Co-Beneficial Owner)*

Company/Other Entity *(If Claimant Is Not an Individual)*

Contact Person *(If Claimant Is Not an Individual)*

Record Owner's Name *(If Different From Beneficial Owner Listed Above (e.g., Trust, Nominee, Other, etc.))*

Account Number *(If Claimant Is Not an Individual)*

Trust/Other Date *(If Applicable)*

Address Line 1

Address Line 2 *(If Applicable)*

City

State

Zip Code

Foreign Province

Foreign Zip Code

Foreign Country

☐  **Check Here to Use Alternate Address for Distribution (Optional)**

3

Distribution Address Line 1

Distribution Address Line 2 *(If Applicable)*

City                                                State      Zip Code

Foreign Province                    Foreign Zip Code              Foreign Country

Telephone Number *(Day)*                         Telephone Number *(Night)*

Beneficial Owner's Employer Identification Number   *or*   Social Security Number

E-mail Address *(an e-mail address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)*

IDENTITY OF CLAIMANT (check only one): ▢ Individual ▢ Corporation ▢ Joint Owners ▢ Estate ▢ Trust ▢ Partnership ▢ Private Pension Fund ▢ Legal Representative ▢ IRA, Keogh, or other type of individual retirement plan (indicate type of plan, mailing address, and name of current custodian on separate sheet) ▢ Other (specify, describe on separate sheet)

## PART II—FACE VALUE OF BONDS ON DECEMBER 7, 2011:

State the face value of bonds you held on December 7, 2011, the record date for holders of an allowed Class A3 claim pursuant to Section 5.1.3(A)(ii) of the Plan for Reorganization of Lower Bucks Hospital. Documentation includes brokerage statements showing the face value of bonds held on December 7, 2011, a letter from your bank, broker, or other nominee indicating the face value of bonds held.

Proof enclosed:   ▢ Y   ▢ N

**YOU MUST SIGN THE PROOF OF CLAIM ON PAGE 6.**

4

# PART III—RELEASE AND CERTIFICATION

On behalf of myself (ourselves) or the beneficial owner, I (we) am (are) authorized to file this Proof of Claim, and on behalf of each of my (our, his, her, its) heirs, agents, executors, trustees, administrators, predecessors, successors, and assigns, I (we, he, she, it) hereby acknowledge that as of the Effective Date as defined in the NOTICE OF (I) PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES (the "Notice"), I (we, he, she, it) shall (i) be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims (as defined in the Notice), as against each and every one of the Released Parties (as defined in the Notice); and (ii) be deemed to have covenanted not to sue any Released Party on the basis of any Released Claim or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Claim against any Released Party.

☐ By checking this box I certify that I (we) am (are) or, if I am filing on behalf of another, that party, is not an excluded person under the terms of the Stipulation of Settlement. Excluded persons include Defendants and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant and any officers and directors thereof.

By signing and submitting this Proof of Claim, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify) as follows:

1. That I (we) have read the Notice, and the Proof of Claim, including the releases provided for in the settlement;
2. That the claimant(s) is (are) a Class Member(s), as defined in the Notice, and is (are) not excluded from the Class;
3. That the claimant(s) owned the bonds identified in the Proof of Claim and has (have) not assigned the claim against the Released Parties to another, or that, in signing and submitting this Proof of Claim, the claimant(s) has (have) the authority to act on behalf of the owner(s) thereof;
4. That the claimant(s) has (have) not submitted any other claim covering the same purchases, acquisitions, sales, or holdings of the bonds and knows (know) of no other person having done so on his/her/its/their behalf;
5. That the claimant(s) submits (submit) to the jurisdiction of the Court with respect to his/her/its/their claim and for purposes of enforcing the releases provided for in the settlement;
6. That I (we) agree to furnish such additional information with respect to this Proof of Claim as the Claims Administrator or the Court may require;
7. That I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of the Stipulation of Settlement and any judgment that may be entered in the litigation, including the releases and covenants set forth therein; and
8. That I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above. The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS FORM IS TRUE, CORRECT, AND COMPLETE AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

| Signature of Claimant | Date | Print Name of Claimant |
|---|---|---|

| Signature of Joint Claimant (if any) | Date | Print Name of Joint Claimant |
|---|---|---|

Capacity of Person(s) Signing, e.g., beneficial owner(s), executor, administrator, trustee, etc.

**THIS PROOF OF CLAIM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR POSTMARKED BY [ ], 2018.**

6

# EXHIBIT 3

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEONARD BECKER, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. and J.P. MORGAN TRUST COMPANY, NATIONAL ASSOCIATION,<br><br>Defendants. | CIVIL ACTION NO. 11-cv-6460 (JRS)<br>(consolidated with C A. No. 12-cv-6412 (JRS)) |

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE BONDS IDENTIFIED AS THE BOROUGH OF LANGHORNE MANOR HIGHER EDUCATION AND HEALTH AUTHORITY HOSPITAL REVENUE BONDS, SERIES OF 1992 (THE LOWER BUCKS HOSPITAL), AND WHO ARE HOLDERS OF AN ALLOWED CLASS A3 CLAIM PURSUANT TO SECTION 5.1.3(A)(ii) OF THE PLAN FOR REORGANIZATION OF LOWER BUCKS HOSPITAL, WHICH PLAN WAS CONFIRMED UNDER CHAPTER 11 OF THE BANKRUPTCY CODE. EXCLUDED FROM THE CLASS ARE DEFENDANTS AND ANY PERSON, FIRM, TRUST, CORPORATION, OR OTHER ENTITYAFFILIATED WITH ANY DEFENDANT AND ANY OFFICERS AND DIRECTORS THEREOF.**

**THE RECORD DATE FOR HOLDERS OF AN ALLOWED CLASS A3 CLAIM IS DECEMBER 7, 2011.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY THIS LITIGATION.**

**YOU ARE HEREBY NOTIFIED** that the class representative, Leonard Becker ("Plaintiff") in the above-captioned litigation ("Action"), on behalf of himself and the Class, has reached a proposed settlement of the Action with The Bank of New York Mellon Trust Company, N.A. ("BNY Mellon") and J.P. Morgan Trust Company National Association ("J.P. Morgan") (together, the "Defendants") for $13,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

A hearing will be held on _____, 2018 at __:__ _.m., before the Honorable Juan R. Sánchez at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, Courtroom 11-A, 601 Market Street, Philadelphia, PA 19106, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated June 8, 2018 should be granted; and (iii) whether Class Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain a copy on Class Counsel's website, www.barrack.com, or by contacting:

> Becker v. Bank of New York Mellon Litigation
> c/o Heffler Claims Group
> 1515 Market Street, Suite 1700
> Philadelphia, PA 19102
> (855) 711-8800

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* **no later than** _____, **2018**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement or to Class Counsel's petition for attorneys' fees and reimbursement of expenses must be filed with the Court and delivered to Class Counsel and Defendants' Counsel such that they are *received* **no later than** _____, **2018**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, BNY Mellon, J.P. Morgan or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Class Counsel:

> BARRACK, RODOS & BACINE
> Lisa M. Port
> 3300 Two Commerce Square
> 2001 Market Street
> Philadelphia, PA 19013
> (215) 963-0600
> lport@barrack.com

Dated: _____, 2018          BY ORDER OF THE UNITED STATES
                                        DISTRICT COURT FOR THE
                                        EASTERN DISTRICT OF PENNSYLVANIA

2