**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| LEONARD BECKER, Individually and on Behalf | : | C. A. No. 2:11-cv-06460 (JRS) |
| of All Others Similarly Situated, | : | (consolidated with C. A. No. 2:12- |
| | : | cv-06412 (JRS)) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE BANK OF NEW YORK MELLON TRUST | : | |
| COMPANY, N.A, and J.P. MORGAN TRUST | : | |
| COMPANY, NATIONAL ASSOCIATION, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CLASS COUNSEL'S MOTION FOR AN AWARD OF
## ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Pursuant to Federal Rules of Civil Procedure 23(e) and 23(h), Class Counsel, Barrack,

Rodos & Bacine, hereby move this Court, before the Honorable Juan R. Sánchez, on September

20, 2017 at 9:00 a.m. in Courtroom 11-A of the James A. Byrne U.S. Courthouse, 601 Market

Street, Philadelphia, PA 19106, for entry of an Order awarding attorneys' fees and reimbursement

of litigation expenses.

This Motion is based upon the accompanying Declaration of Lisa M. Port in Support of:

(I) Plaintiff's Motion for Final Approval of Settlement; and (II) Class Counsel's Motion for an

Award of Attorneys' Fees and Reimbursement of Litigation Expenses, the Memorandum of Law

in Support of Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of

Litigation Expenses, and all other papers and proceedings herein.

Dated: August 3, 2018

Respectfully submitted,

**BARRACK, RODOS & BACINE**

   /s/ *Lisa M. Port*
Daniel E. Bacine
Jeffrey B. Gittleman
Lisa M. Port
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 963-0600

*Counsel for Plaintiff and the Class*

*Of Counsel:*

Charles M. Golden
**FELLHEIMER & EICHEN LLP**
Two Liberty Place
50 South 16th Street, Suite 3401
Philadelphia, Pennsylvania 19102
(215) 253-6630

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| LEONARD BECKER, Individually and on Behalf of All Others Similarly Situated, | : | C. A. No.  2:11-cv-06460 (JRS) |
|  | : | (consolidated with C. A. No.  2:12- |
|  | : | cv-06412 (JRS)) |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| THE BANK OF NEW YORK MELLON TRUST | : |  |
| COMPANY, N.A, and J.P. MORGAN TRUST | : |  |
| COMPANY, NATIONAL ASSOCIATION, | : |  |
|  | : |  |
| Defendants. | : |  |

---

**MEMORANDUM OF LAW IN SUPPORT OF CLASS COUNSEL'S**
**MOTION FOR AN AWARD OF ATTORNEYS'**
**<u>FEES AND REIMBURSEMENT OF LITIGATION EXPENSES</u>**

## Table of Contents

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     THE STANDARD GOVERNING THE AWARD OF ATTORNEYS' FEES IN COMMON FUND CASES .................................................................................... 4

III.    THE REQUESTED FEE IS FAIR AND REASONABLE UNDER THE THIRD CIRCUIT GUNTER FACTORS .................................................................. 6

      A.    The Size and Nature of the Common Fund Created and the Number of Persons Benefited by the Settlement .................................................................. 6

      B.    The Absence of Objections by Class Members to the Fee Request ...................... 7

      C.    The Skill and Efficiency of Class Counsel ............................................................ 7

      D.    The Complexity and Duration of the Litigation .................................................... 9

      E.    The Risk of Non-Payment ...................................................................................... 9

      F.    Significant Time Devoted to this Case by Class Counsel.................................... 10

IV.     THE REQUESTED FEE IS REASONABLE UNDER THE LODESTAR METHOD ............................................................................................................ 11

V.      CLASS COUNSEL'S REQUEST FOR REASONABLY INCURRED LITIGATION EXPENSES SHOULD BE APPROVED ....................................................... 13

VI.     CONCLUSION.................................................................................................... 14

## <u>Table of Authorities</u>

<u>Page(s)</u>

### <u>Cases</u>

*Abrams v. Lightolier, Inc.*,
    50 F.3d 1204 (3d Cir. 1995) ............................................................................ 13

*Bodnar v. Bank of America N.A.*,
    No. 14-3224, 2016 U.S. Dist. LEXIS 121506 (E.D. Pa. Aug. 4, 2016) ............................ 8

*Cullen v. Whitman Med. Corp.*,
    197 F.R.D. 136 (E.D. Pa. 2000) ........................................................................ 8

*Gunter v. Ridgewood Energy Corp.*,
    223 F.3d 190 (3d Cir. 2000) ......................................................................... 5, 6

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ..................................................................................... 6

*In re AremisSoft Corp. Sec. Litig.*,
    210 F.R.D. 109 (D.N.J. 2002) .......................................................................... 8

*In re AT&T Corp. Sec. Litig.*,
    455 F.3d 160 (3d Cir. 2006) ........................................................................ 5, 12

*In re Cendant Corp. Sec. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ........................................................................ 7, 11

*In re Cendant Corp. Sec. Litig.*,
    404 F.3d 173 (3d Cir. 2005) ........................................................................... 5

*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*,
    582 F.3d 524 (3d Cir. 2009) ........................................................................... 5

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
    55 F.3d 768 (3d Cir. 1995) ...................................................................... 5, 6, 11

*In re Ikon Office Solutions, Inc., Sec. Litig.*,
    194 F.R.D. 166 (E.D. Pa. 2000) ..................................................................... 5, 8

*In re Linerboard Antitrust Litig.*,
  MDL 1261, 2004 WL 1221350 (E.D. Pa. June 2, 2004)
  amended, 2004 WL 1240775 (E.D. Pa. June 4, 2004)........................................................ 7

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
  148 F.3d 283 (3d Cir. 1998)........................................................................................... 12

*In re Schering-Plough Corp.*,
  No. 08-1432 (DMC) (JAD), 2012 U.S. Dist. LEXIS 75213 (D.N.J. May 31, 2012) ....... 10

*In re ViroPharma, Inc. Sec. Litig.*,
  No. 12-2714, 2016 U.S. Dist. LEXIS 8626 (E.D. Pa. Jan. 25, 2016)....................... 5, 6, 13

*In re Warner Commc'ns Sec. Litig.*,
  618 F. Supp. 735 (S.D.N.Y. 1985), aff'd, 798 F.2d 35 (2d Cir. 1986).......................... 8, 9

*In re WorldCom, Inc. Sec. Litig.*,
  388 F. Supp. 2d 319 (S.D.N.Y. 2005).............................................................................. 5

*Lindy Bros. Builders Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp.*,
  487 F.2d 161 (3d Cir. 1973)..................................................................................... 11, 12

*Martin v. Foster Wheeler Energy Corp.*,
  No. 3:06-cv-0878, 2008 WL 906472 (M.D. Pa. Mar. 31, 2008) ...................................... 12

*Schuler v. MEDS Co.*,
  No. 14-1149 (CCC), 2016 U.S. Dist. LEXIS 82344 (D.N.J. June 24, 2016) .............. 6, 12

*The Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980)......................................................................................................... 4

Court-appointed Class Counsel, Barrack, Rodos & Bacine ("Barrack Rodos"), respectfully submits this memorandum of law in support of its motion, pursuant to Rules 23(h) and 54(b) of the Federal Rules of Civil Procedure, for an award of attorneys' fees in the amount of $2,150,000, plus interest at the same rate as earned by the Settlement Fund.  Class Counsel also seek (i) reimbursement of $273,284.51 in litigation expenses reasonably and necessarily incurred by Plaintiff's Counsel[1] in prosecuting and resolving the Action, and (ii) permission to deduct from the Settlement Fund, without further order of the Court, an amount not to exceed $100,000 for Notice and Administration Costs.

## I.    INTRODUCTION

The proposed Settlement, which provides for a $13,500,000 cash payment, is an excellent result for the Class.  In undertaking this litigation, counsel faced numerous challenges to proving both liability and damages that posed the serious risk of no recovery, or a lesser recovery than the Settlement, for the Class.  The substantial recovery was achieved through the skill, tenacity, and effective advocacy of Class Counsel, assisted by other Plaintiff's Counsel, which litigated this Action on a fully contingent fee basis against highly skilled defense counsel.

As detailed in the accompanying Port Declaration, Class Counsel vigorously pursued this litigation from its outset.  Among other things, Class Counsel, with the assistance of other

---

[1] As set forth in the accompanying Declaration of Lisa M. Port in Support of Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Port Declaration"), Plaintiff's Counsel includes Barrack, Rodos & Bacine (otherwise referred to as "Class Counsel") and Obermayer Rebmann Maxwell & Hippel LLP ("Obermayer").  In 2017, Mr. Charles Golden, previously a partner at Obermayer who worked on this litigation, became Of Counsel to Fellheimer & Eichen LLP ("Fellheimer").  Accordingly, while Mr. Golden is noted as Of Counsel on this brief and the related filings on behalf of Fellheimer, the hours worked and monies expended by Obermayer in connection with this litigation are part of this fee and expense request, and are detailed in the accompanying Declaration of Edmund George ("George Decl.").

Plaintiff's Counsel: (i) objected to confirmation of the Plan of Reorganization ("Plan") of Lower Bucks Hospital ("LBH") based on the inclusion of a third-party release in favor of the indenture trustee, which release the Bankruptcy Court later struck from the Plan; (ii) successfully defended appeals of the Bankruptcy Court's decision striking the release, first to the District Court and then to the Third Circuit; (iii) drafted two complaints in this consolidated Action, the first of which was filed on October 14, 2011 ("*Becker I*") and the second of which was filed on November 13, 2012 ("*Becker II*"); (iv) researched and drafted extensive papers in opposition to Defendants' motions to dismiss those complaints, which the Court denied in substantial part on October 31, 2012 (*Becker I*) and January 25, 2013 (*Becker II*) (ECF Nos. 39 and 9, respectively); (v) undertook extensive fact discovery efforts, which included reviewing documents produced by Defendants and non-parties, and taking depositions of key BNY Mellon personnel; (vi) drafted and responded to cross motions for summary judgment, which the Court denied in part and granted in part on March 23, 2016 (ECF Nos. 136 and 137); (vii) moved for class certification, which the Court granted in its entirety on October 5, 2016 (ECF No. 146); (viii) consulted with three experts, each of whom submitted at least one expert report, sat for a deposition and testified at trial; (ix) engaged in an arm's-length mediation process before Magistrate Judge Rice, including in-person mediation sessions and follow-up telephone conferences; (x) researched and responded to numerous motions *in limine*, *Daubert* motions and a motion for judgment on the pleadings just before the trial was to begin, which the Court denied in substantial part before or during the trial; (xi) prepared for and undertook a trial of this Action, reaching a settlement on the fourth day of trial; and (xii) negotiated and prepared the Settlement documents.

The Settlement achieved through Class Counsel's efforts is a particularly favorable result when juxtaposed against the procedural and substantive hurdles that Plaintiff would have had to

overcome in order to prevail in this case.  In undertaking this litigation, Class Counsel faced

numerous challenges to establishing liability and damages, which are detailed in the Port

Declaration at ¶¶ 40-52.  The risk of losing was a real one, and it was greatly enhanced by the

fact that Class Counsel was litigating against well-healed corporate defendants represented by

highly-skilled defense counsel.  Moreover, despite a number of important pre-trial and trial

rulings in the Plaintiff's favor, Defendants would have likely sought post-trial and appellate

review of those rulings, if Plaintiff had prevailed at trial, thus prolonging the case even further

and risking reversal.  Despite these risks, Plaintiff's Counsel collectively dedicated more than

7,575.55 hours of time to this litigation over the course of approximately seven years, on a fully

contingent basis.

       In light of the recovery obtained, the time and effort devoted by Plaintiff's Counsel, the

work performed, the skill and expertise required, and the risks that counsel undertook, Class

Counsel submit that the requested fee award and the reimbursement of incurred expenses are fair

and reasonable.  As discussed below, the fee requested is well within the range of fees that courts

in this Circuit have awarded with comparable recoveries.  Further, the requested fee results in a

*discount* of more than 54% of Plaintiff's Counsel's collective lodestar, which means that even if

the requested fee is granted, Plaintiff's Counsel will not obtain a payment equal to the amount of

time they spent in litigating this Action multiplied by their normal billing rates.

       Specifically, the requested fee is $2.55 million less than the collective lodestar.  In

addition, the expenses for which Class Counsel seek reimbursement were reasonable and

necessary for the successful prosecution of the Action.  The actual costs for which Class Counsel

seek reimbursement are also significantly less than the estimated total costs set forth in the

Notice.  Mr. Becker, an experienced investor who actively supervised the Action, has evaluated

3

the request for fees and expenses and authorized it as reasonable. *See* Declaration of Leonard Becker in Support of Approval of Class Action Settlement and Award of Attorneys' Fees and Reimbursement of Expenses (Ex. 1 to the Port Decl.) ("Becker Decl.").

Pursuant to the Preliminary Approval Order, 510 copies of the Settlement Notice were mailed to potential Class Members and their nominees, and the Summary Notice was transmitted over *globenewswire*. *See* Affidavit of Lisa A. Luciotti (Ex. 4 to the Port Decl.") ("Heffler Aff."), at ¶¶ 13, 16. The Settlement Notice informed Class Members that Class Counsel would apply for an award of attorneys' fees in amount not to exceed $2,150,000, seek reimbursement of litigation expenses in an amount not to exceed $325,000, and deduct from the Settlement Fund the Notice and Administration Costs. *See* Exhibit B to Heffler Aff. at ¶¶ 3, 55. The actual expenses sought, excluding Notice and Administration Costs, are less than the $325,000 noticed amount. Furthermore, while the deadline set by the Court for Class Members to object to the requested attorneys' fees and expenses has not yet passed, to date no objections to the requests for fees and expenses have been received.

For all the reasons set forth herein and in the Port Declaration, Class Counsel respectfully submit that the requested attorneys' fees and expenses are fair and reasonable under applicable legal standards and, therefore, should be awarded by the Court.

## II.   THE STANDARD GOVERNING THE AWARD OF ATTORNEYS' FEES IN COMMON FUND CASES

It is well-settled that an attorney who maintains a lawsuit that results in the creation of a fund in which others have a common interest may obtain fees from that common fund. *See The Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole"); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 205 (3d

4

Cir. 2005) (attorneys "whose efforts create, discover, increase, or preserve a common fund are … entitled to compensation"); *In re AT&T Corp. Sec. Litig.*, 455 F.3d 160 (3d Cir. 2006); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 582 F.3d 524, 540 (3d Cir. 2009).

Courts have recognized that, in addition to providing just compensation, awards of fair attorneys' fees from a common fund ensure that "competent counsel continue to be willing to undertake risky, complex, and novel litigation." *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 198 (3d Cir. 2000) (citations omitted); *see also In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 359 (S.D.N.Y. 2005) ("In order to attract well-qualified plaintiffs' counsel who are able to take a case to trial, and who defendants understand are able and willing to do so, it is necessary to provide appropriate financial incentives."); *In re ViroPharma, Inc. Sec. Litig.*, No. 12-2714, 2016 U.S. Dist. LEXIS 8626, at *46 (E.D. Pa. Jan. 25, 2016) ("'The common fund doctrine provides that a private plaintiff, or plaintiff's attorney, whose efforts create, discover, increase, or preserve a fund to which others also have a claim, is entitled to recover from the fund the cost of his litigation, including attorneys' fees'") (*citing In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 820 n.39 (3d Cir. 1995)); *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 192 (E.D. Pa. 2000) ("[T]here is no doubt that attorneys may properly be given a portion of the settlement fund in recognition of the benefit they have bestowed on class members.").

The ultimate determination of the proper amount of attorneys' fees, of course, rests within the sound discretion of the district court. *See Gunter*, 223 F.3d at 195; *GMC Pick-Up Truck*, 55 F3d. at 821; *see also In re AT&T*, 455 F3d. at 168-69.

**III.    THE REQUESTED FEE IS FAIR AND REASONABLE UNDER THE THIRD CIRCUIT GUNTER FACTORS**

Under Third Circuit law, district courts have considerable discretion in setting an appropriate fee award in traditional common fund cases. *See, e.g., Gunter*, 223 F.3d at 195 ("We give [a] great deal of deference to a district court's decision to set fees."); *GMC Pick-Up Truck*, 55 F.3d at 821.   Nonetheless, in exercising that broad discretion, the Third Circuit has noted that a district court should consider the following factors in determining a fee award: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases. *Gunter*, 223 F.3d at 195.   These fee award factors "need not be applied in a formulaic way . . . and in certain cases, one factor may outweigh the rest." *Id.*; *Schuler v. MEDS Co.*, No. 14-1149 (CCC), 2016 U.S. Dist. LEXIS 82344, at *26 (D.N.J. June 24, 2016).   Each of these factors supports the award of the reasonable fee requested by Class Counsel here.

**A.    The Size and Nature of the Common Fund Created and the Number of Persons Benefited by the Settlement**

Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (most critical factor for the court to weigh is the degree of success obtained); *ViroPharma*, 2016 U.S. Dist. LEXIS 8626, at *48.   Here, Class Counsel, on behalf of Plaintiff and the Class, secured a Settlement that provides for a substantial and certain payment of $13,500,000.   When compared

to the $15.3 million in estimated damages in this case, the Settlement represents an 88%

recovery, which is an excellent result for the Class.

     The Settlement also benefits a large number of investors.  To date, the Claims

Administrator has mailed the Settlement Notice to 510 potential Class Members and their

nominees.  *See* Heffler Aff. at ¶¶ 10-13.  Accordingly, a large number of Class Members will

benefit from the Settlement Fund.  *See In re Linerboard Antitrust Litig*., MDL 1261, 2004 WL

1221350, at *5 (E.D. Pa. June 2, 2004) amended, 2004 WL 1240775 (E.D. Pa. June 4, 2004)

(size of benefitted population "is best estimated by the number of entities that were sent the

notice describing the [Settlement].").

### B.      The Absence of Objections by Class Members to the Fee Request

     The Settlement Notice, which was sent to 510 potential Class Members and their

nominees and posted on a publicly accessible website, provided that Class Counsel would apply

for an award of attorneys' fees in an amount not to exceed $2,150,000.  *See* Settlement Notice

(Ex. B to Heffler Aff.)  at ¶¶ 3,55.  The Settlement Notice also advised Class Members that they

could object to the fee request and explained the procedure for doing so.  *See id.* at ¶ 58, 61, 64.

While the deadline set by the Court for Class Members to object to the fee request has not yet

passed, to date no objections have been received.  As the Third Circuit has noted, "[t]he vast

disparity between the number of potential class members who received notice of the Settlement

and the number of objectors creates a strong presumption that this factor weighs in favor of the

Settlement."  *In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001).

### C.      The Skill and Efficiency of Class Counsel

     Considerable skill was required to achieve the proposed Settlement for the benefit of the

Class, as demonstrated in the accompanying Port Declaration.  Class Counsel's efforts in

bringing this action to a successful conclusion are the best indicator of the experience and ability of the attorneys involved.  *In re AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 132 (D.N.J. 2002) (the "single clearest factor reflecting the quality of class counsels' services to the class are the results obtained.") (quoting *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 149 (E.D. Pa. 2000)); *see also Bodnar v. Bank of America N.A.*, No. 14-3224, 2016 U.S. Dist. LEXIS 121506, at *9 (E.D. Pa. Aug. 4, 2016).

Class Counsel's efforts, assisted by the other Plaintiff's Counsel, have resulted in a highly favorable outcome for the benefit of the Class.  The substantial and certain recovery obtained for the Class is the direct result of the efforts of highly skilled attorneys who possess extensive experience in the prosecution of complex class actions and bankruptcy-related matters. Class Counsel's reputation as attorneys who will zealously carry a meritorious case through trial and appellate levels enabled them to negotiate the very favorable recovery for the benefit of the Class.

The quality and vigor of opposing counsel is also relevant in evaluating the quality of the services rendered by Class Counsel.  *See, e.g., Ikon*, 194 F.R.D. at 194; *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985), aff'd, 798 F.2d 35 (2d Cir. 1986) ("The quality of opposing counsel is also important in evaluating the quality of plaintiffs' counsels' work.").  Here, Defendants were represented by several prominent law firms with undeniable experience and skill: Morgan Lewis & Bockius, and previously by Bryan Cave LLP and Montgomery McCracken Walker & Rhoads LLP.  The ability of Class Counsel to obtain a favorable outcome for the Class in the face of formidable legal opposition further confirms the quality of Class Counsel's representation.

8

The experience of Class Counsel is set forth in its firm resume, which is attached as Exhibit C to the Bacine Declaration.

**D.     The Complexity and Duration of the Litigation**

This litigation, which emanated from a bankruptcy filed in January 2010, was particularly complex and time-consuming, requiring expert testimony on various issues, including the duties of an indenture trustee, Article 9 of the Uniform Commercial Code, and damages.  The $13,500,000 recovery is substantial in light of the complexity of this case and the significant risks and expenses that the Class would have faced by further litigation.  As set forth above, pp. 1-2, and in the Port Declaration, this litigation was extremely complex and required an enormous effort by Class Counsel.

Moreover, even if the jury were to have returned a favorable verdict, numerous post-trial motions and appeals were likely.  Indeed, in class actions such as these, even a victory at the trial stage does not guarantee a successful outcome.  *See Warner Commc'ns*, 618 F. Supp. at 747-48 ("Even a victory at trial is not a guarantee of ultimate success.  If plaintiffs were successful at trial and obtained a judgment for substantially more than the amount of the proposed settlement, the defendants would appeal such judgment. An appeal could seriously and adversely affect the scope of an ultimate recovery, if not the recovery itself.").  Considering the magnitude, expense, and complexity of this case – especially when compared against the substantial and certain recovery achieved by the Settlement – Class Counsel's fee request is reasonable.  Accordingly, this factor weighs in Class Counsel's favor.

**E.     The Risk of Non-Payment**

Class Counsel undertook this action entirely on a contingent fee basis, taking the risk that the litigation would yield no or very little recovery and leave it uncompensated for the time

9

expended, as well as for its out-of-pocket expenses.  As explained in detail in the Port

Declaration, Class Counsel faced numerous significant risks in this case that could have resulted

in no recovery or a recovery smaller than the Settlement Amount.  Courts across the country

have consistently recognized that the risk of receiving little or no recovery is a major factor in

considering an award of attorneys' fees.  *See, e.g.*, *id.* at 747-49 (citing cases).

Class Counsel has not been compensated for any time or expenses since the case began in

2011.  Through July 31, 2018, Plaintiff's Counsel have expended 7,575.55 hours in the

prosecution of this litigation with a resulting lodestar of $4,706,091 and incurred $273,284.51 in

litigation expenses.  "Courts routinely recognize that the risk created by undertaking an action on

a contingency fee basis militates in favor of approval."  *In re Schering-Plough Corp.*, No. 08-

1432 (DMC) (JAD), 2012 U.S. Dist. LEXIS 75213, at *19 (D.N.J. May 31, 2012).

Because the fee in this matter was entirely contingent, the only certainty was that there

would be no fee without a successful result, and that such a result would be realized only after

considerable and difficult effort.  This strongly favors approval of the requested fee.

**F.     Significant Time Devoted to this Case by Class Counsel**

As set forth above, since the inception of the case, Plaintiffs' Counsel have expended

over 7,575 hours and incurred $273,284.51 in expenses prosecuting this Action for the benefit of

the Class.  As more fully discussed above and in the Port Declaration, this Action was vigorously

litigated and defended.  This includes, inter alia, the time spent in the initial investigation of the

case; the bankruptcy proceedings; working extensively with experts; researching complex issues

of law; preparing and filing the complaints; researching and briefing the issues in connection

with Defendants' motions to dismiss; preparing, undertaking and defending discovery; working

with experts in connection with the Plaintiff's motion for class certification and motions for

10

summary judgment; reviewing and analyzing documents produced by Defendants and non-parties; taking, defending or participating in depositions; preparing for and participating in mediations; defending several motions *in limine*, Daubert motions and a motion for judgment on the pleadings filed the day before the trial began; preparing to take the case to trial and ultimately trying the case; preparing the Settlement documents and preparing the motion for preliminary approval and supporting papers..  At all times, Class Counsel conducted its work with skill and efficiency, conserving resources and avoiding duplication of effort.  The foregoing unquestionably represents a substantial commitment of time, personnel and out-of-pocket expenses by Class Counsel, assisted by other Plaintiff's Counsel, while taking on the substantial risk of recovering nothing for their efforts.[2]

Accordingly, the application of the *Gunter* factors makes clear that Class Counsel's requested fee of $2,150,000 is fair and reasonable.

## IV.    THE REQUESTED FEE IS REASONABLE UNDER THE LODESTAR METHOD

Courts often use a "lodestar" method to confirm the reasonableness of the requested fee. "The goal of this practice is to ensure that the proposed fee award does not result in counsel being paid a rate vastly in excess of what any lawyer could reasonably charge per hour, thus avoiding a 'windfall' to lead counsel."  *Cendant*, 264 F.3d at 285.  The lodestar method, as set forth in the seminal case, *Lindy Bros. Builders Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973), is a two-step process.  The first step requires that the court ascertain the "lodestar" figure by multiplying the number of hours reasonably worked by the reasonable normal hourly rate of counsel.  The second step permits the court to adjust the

---

[2] In addition, Class Counsel's requested fee is only 16% of the $13,500,000 Settlement amount. The Third Circuit has observed that fee awards generally range from 19% to 45% of the settlement fund.  *GMC Pick-Up Trucks*, 55 F.3d at 822.

lodestar to take into account the contingent nature and risks of the litigation, the result obtained and the quality of the services rendered by counsel.  *See id.* at 167-68.  A multiplier "'need not fall within any pre-defined range, provided that the [d]istrict court's analysis justifies the award.'"  *Schuler*, 2016 U.S. Dist. LEXIS 82344, at *30.

The declarations submitted by Plaintiff's Counsel contain the lodestar calculations, showing that Plaintiff's Counsel expended 7,575.55 hours of attorney and professional support staff time in the prosecution of this Action.  *See* Bacine Decl. ¶ 5 & Exhibit A; *see also* George Decl. ¶ 2 and Exhibit A.  These hours have been multiplied by the firms' current hourly rates of the attorneys and professional support staff who worked on the litigation to arrive at the base lodestar amount of $4,706,091.  To determine a firm's lodestar, the court should determine what the effective multiplier is, and then determine whether the resulting fee would be so unreasonable as to warrant a downward adjustment.  As noted, the cumulative lodestar of the services performed by Plaintiff's Counsel in this litigation is $4,706,091.  Class Counsel is seeking an award of $2,150,000 (before interest).  Therefore, the requested fee represents a *discount* of more than 54% to, or approximately $2.55 million less, than Plaintiff's Counsel's collective lodestar.

While courts often approve fees in class cases that correspond to multiples of one to four times lodestar, *see, e.g., Martin v. Foster Wheeler Energy Corp.*, No. 3:06-cv-0878, 2008 WL 906472, at *8 (M.D. Pa. Mar. 31, 2008) ("Lodestar multiples of less than four (4) are well within the range awarded by district courts in the Third Circuit."); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998) ("[m]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied"); *In re AT&T Corp.*, 455 F.3d at 173, the reasonableness of the fee being requested here is further

12

supported by the substantial *discount* to lodestar that Class Counsel is seeking, with the approval of the Plaintiff.

## V.     CLASS COUNSEL'S REQUEST FOR REASONABLY INCURRED LITIGATION EXPENSES SHOULD BE APPROVED

Class Counsel also respectfully request that this Court approve the request for reimbursement from the common fund of $273,284.51 in litigation expenses that Plaintiff's Counsel advanced in connection with this Action.  All of these expenses, which are set forth in declarations submitted by Plaintiff's Counsel, were reasonably necessary for the prosecution of this litigation.  Counsel in a class action are entitled to recover expenses that were "'adequately documented and reasonable and appropriately incurred in the prosecution of the class action.'" *ViroPharma*, 2016 U.S. Dist. LEXIS 8626, at *54 (quoting *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995)).  The expenses for which Class Counsel seek reimbursement are the types of expenses that are necessarily incurred in litigation and routinely charged to clients billed by the hour.  These expenses include, among others, trial-related costs and expenses, expert fees, on-line research, court reporting and transcripts, photocopying, travel and postage expenses.  The largest expense was for retention of the Plaintiff's experts, which total $108,950.37.  *See* Bacine Decl., Exhibit B.

The Settlement Notice informed Class Members that Class Counsel would apply for reimbursement of litigation expenses in an amount not to exceed $325,000.  The total amount of expenses requested by Class Counsel is $273,284.51 – an amount well below the amount listed in the Settlement Notice.  In addition, the Settlement Notice informed Class Members that Class Counsel would also incur Notice and Administration Costs that would also be paid from the Settlement Fund.  To date, there has been no objection to the request for expenses.

## VI.     CONCLUSION

For all the foregoing reasons, Class Counsel respectfully requests that the Court: (i) award attorneys' fees in the amount of $2,150,000 plus interest at the same rate as earned by the Settlement Fund; (ii) award reimbursement of litigation expenses in the amount of $273,284.51, which Plaintiffs' Counsel reasonably incurred in connection with the prosecution of the Action; and (iii) approve payment from the Settlement Fund an amount not to exceed $100,000 for Notice and Administration Costs.

Dated: August 3, 2018

Respectfully submitted,

**BARRACK, RODOS & BACINE**

 _/s/ Lisa M. Port_
Daniel E. Bacine
Jeffrey B. Gittleman
Lisa M. Port
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 963-0600

*Counsel for Plaintiff and the Class*

*Of Counsel:*

Charles M. Golden
**FELLHEIMER & EICHEN LLP**
Two Liberty Place
50 South 16th Street, Suite 3401
Philadelphia, Pennsylvania 19102
(215) 253-6630

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LEONARD BECKER, Individually and on Behalf of All Others Similarly Situated, | : : : | C. A. No. 2:11-cv-06460 (JRS) (consolidated with C. A. No. 2:12-cv-06412 (JRS)) |
| Plaintiff, | : : | |
| v. | : : | |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A, and J.P. MORGAN TRUST COMPANY, NATIONAL ASSOCIATION, | : : : : | |
| Defendants. | : : | |

**[PROPOSED] ORDER GRANTING CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

WHEREAS:

A.     On September 20, 2018, a hearing was held before this Court to consider, among other matters, Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Fee and Expense Motion"), including the fairness and reasonableness of the fee and expense request, to the Class Members.  All interested persons were afforded the opportunity to be heard;

B.     The maximum amount of fees and expenses that would be requested by Class Counsel was set forth in the Notice of (I) Proposed Settlement of Class Action; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that was disseminated in accordance with the Court's Order entered on June 8, 2018;

C.     The Settlement Notice advised that any objections to the Fee and Expense Motion were required to be filed with the Court no later than August 18, 2018, and mailed to counsel for the parties such that they were received no later than August 18, 2018;

D.     On August 3, 2018, Class Counsel filed their Fee and Expense Motion, supported by declarations and a memorandum of law;

E.     This Court has duly considered Class Counsel's Fee and Expense Motion, the declarations and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect thereto.

AND NOW, this _____ day of _____, 2018, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.     This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 8, 2018 (ECF 249-1) (the "Stipulation").  All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.     The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3.     The Fee and Expense Motion is GRANTED.  Class Counsel is awarded the sum of $2,150,000 in attorneys' fees, plus interest at the same rate earned by the Settlement Fund. Plaintiff's Counsel is also awarded the sum of $273,284.51 in reimbursement of litigation expenses, and is further entitled to withdraw from the Settlement Fund, without further order of the Court, an amount not to exceed $100,000 for Notice and Administration Costs,

4.     In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     The Settlement has created a fund of $13,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that Class Members who submit valid Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiff's Counsel;

(b)     Copies of the Notice were mailed to 510 potential Class Members and nominees informing them that Class Counsel would apply for attorneys' fees in an amount not to exceed $2,150,000 and for reimbursement of litigation expenses in an amount not to exceed $325,000, in addition to Notice and Administration Costs;

(c)     Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)     The Action raised a number of complex issues;

(e)     Had Class Counsel not achieved the Settlement, there would remain a significant risk that Plaintiff and the other members of the Class may have recovered less or nothing from Defendants;

(f)     Plaintiffs' Counsel devoted over 7,575 hours, with a lodestar value of over $4.7 million, to achieve the Settlement;

(g)     Class Counsel's Fee and Expense Motion seeks reimbursement of $273,284.51 in litigation costs and expenses, which is significantly less than the maximum amount set forth in the Notice;

(h)     The fee sought by Class Counsel has been reviewed and approved as reasonable by the Court-appointed Class Representative, Leonard Becker, who is an experienced investor who oversaw the prosecution and resolution of the Action; and

(i)     The attorneys' fees to be awarded and litigation expenses to be reimbursed

from the Settlement Fund are fair and reasonable and consistent with awards in similar

cases.

5.      Class Counsel shall allocate the attorneys' fees awarded among Plaintiff's

Counsel in a manner that it, in good faith, believes reflects the contributions of such counsel to

the institution, prosecution, and settlement of the Action.

6.      The Notice provided the best notice practicable under the circumstances.  Said

Notice provided due and adequate notice of these proceedings and the matters set forth therein,

including the fee and expense request, to all persons entitled to such Notice, and said Notice fully

satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the

requirements of due process.

7.      Any appeal or any challenge affecting this Court's award of attorneys' fees and

reimbursement of litigation expenses shall in no way disturb or affect the finality of the

Judgment.

8.      Exclusive jurisdiction is hereby retained over the parties and the Class Members

for all matters relating to this Action, including the administration, interpretation, effectuation or

enforcement of the Stipulation and this Order.

9.      In the event that the Settlement is terminated or the Effective Date of the

Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent

provided by the Stipulation.

10.     There is no just reason for delay in the entry of this Order Granting Class

Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses,

and immediate entry of this Order by the Clerk of the Court is expressly directed pursuant to

Rule 54(b) of the Federal Rules of Civil Procedure.

BY THE COURT:

_____

Juan R. Sánchez, J.

5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LEONARD BECKER, Individually and on Behalf of All Others Similarly Situated, | : : : | C. A. No.  2:11-cv-06460 (LDD) (consolidated with C. A. No.  2:12-cv-06412 (LDD)) |
| Plaintiff, | : : | CLASS ACTION |
| v. | : : | |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A, and J.P. MORGAN TRUST COMPANY, NATIONAL ASSOCIATION, | : : : : | |
| Defendants. | : : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Lisa M. Port, a member of the Bar of this Court, hereby certify that on August 3, 2018, true and correct copies of Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; the memorandum in support thereof; and Proposed Order were served on all counsel of record via the Court's ECF system.

    /s/ Lisa M. Port
    Lisa M. Port